UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                      CASE NO.: 00-6136-CR-FERGUSON

BERT A. AMMONS,

                            Magistrate Judge Snow

    Defendant.
_____/

### MOTION FOR DISCLOSURE OF PRIOR CONVICTIONS, 404(b) EVIDENCE, AND EXPERT WITNESS SUMMARIES

COMES NOW the Defendant BERT A. AMMONS by and through his undersigned counsel and moves this Court to enter an order requiring the Government to provide the following supplemental discovery prescribed by changes within federal law:

1. The defendant requests that a full, complete and legible record of the defendant's prior convictions be produced by the Government, clearly identifying all other charges made against the defendant, the disposition of the charges, and the venue of each such prosecution, including: date of arrest, date of conviction, acquittal, dismissal or deferral; whether each conviction is of a felony, misdemeanor or petty offense; the sentence imposed, and the dates of confinement or probation. Undersigned counsel requests these disclosures so that the Defendant may receive effective assistance of counsel concerning the election of a trial, plea or other disposition of the pending cause. Such assistance of counsel requires accurate data with which to compute various aspects of the U.S. Sentencing Guidelines, including base offense level, criminal history, enhancements, and departures.

2. The defendant requests disclosure of evidence of all other



crimes, wrongs, or acts that the Government intends to introduce at trial, in its case-in-chief or in rebuttal, as required by the 1991 amendment to Fed. R. Evid. 404(b) (requiring disclosure and notice upon request by the accused). The government must specify the general nature of any such evidence, identifying the date, time and location of the alleged incident, the witness who will testify about the incident, and the purported relevance to this case. See United States vs. Long, 814 F.Supp. 72 (D. Kan. 1993) (broad statement merely invoking 404(b) provision is insufficient). Additionally, the defense requests all disclosure of all Brady/Agurs/Giglio and Napue material pertaining to each such incident, as otherwise defined by paragraphs C. and D. of the Standing Discovery Order.

3. Finally, the defendant would request disclosure under Fed. R. Crim. P. 16(a)(1)(E) of expert testimony that the Government intends to introduce in trial during its case-in-chief. As to each potential expert witness, the government should disclose the name of the expert witness, the witness' qualifications, present employment, a summary of the witness' opinion, and the bases and reasons for the opinion.

WHEREFORE the Defendant respectfully requests that the Court enter an Order requiring the Government to disclose the items herein.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20th day of June, 2000 to: THOMAS WATTS-FITZGERALD, ESQUIRE, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant AMMONS
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557