UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6136-CR-FERGUSON

UNITED STATES OF AMERICA,   )
                            )
-vs-                        )
                            )
BERT A. AMMONS,             )
        Defendant.          )

NIGHT BOX
FILED

MAY 28 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### Government's Response To Motion For Early Termination

The United States of America hereby responds to defendant Bert A. Ammons' Motion For Early termination of Supervised Release, and prays this honorable Court deny said motion in all respects and in support thereof would show:

### I. BACKGROUND

1. The defendant was convicted before this Court on August 1, 2000, pursuant to his plea of guilty to Count One of an Indictment filed against him, which charged defendant with the unlawful importation of CFC-12 in violation of the Clean Air Act, in violation of Title 18, United States Code, Sections 545 and 2.

2. In essence, defendant employed the self-same nautical skills he now touts to the Court, to violate the Customs laws of the United States and engage in a water-borne smuggling venture.

3. The defendant was sentenced to, and served a three month period of incarceration, followed by a three month period of home confinement imposed as a special condition of his supervised release.

4. On May 8, 2001 defendant completed one year of supervised

release. In the ordinary course of his sentence, he would complete his term of supervised release on May 7, 2004.

## II. DISCUSSION

5.   The defendant agues that he should be granted early termination in order to permit him to engage in employment involving foreign travel. although defendant has never sought leave of this Court to travel during the period of his supervision, he asserts that "... the United States Probation Office has also denied permission for [him] to travel internationally for work purposes." Motion at 2.  This claim is misleading, since the Probation Office, while it may, and in fact does, oppose a request for foreign travel in this matter, does not rule on such requests rather it is for the Court to make that determination upon application of the defendant.

6.   The United States joins the U.S. Probation Office in opposing early termination of defendant's supervised release. Defendant's Motion is simply a ploy to avoid seeking permission for foreign travel on a case by case basis, with careful oversight being exercised by both the Court's Probation Office and the Court itself. The facts and circumstances surrounding defendant's involvement in the criminal activities leading to the charge in this matter suggest that a longer period of general oversight is warranted and any deviation from the standard restrictions of supervised release should be the result of a detailed review in

each instance of the foreign employment opportunity in light of defendant's past conduct.

7. In light of defendant's prior substance abuse problems and the potential for economic pressures to become a factor in his future employment decisions, the United States submits that it would be premature to remove defendant from the longer-term oversight contemplated by the Court at the time of sentencing. Such verifiable employment opportunities that may be presented to defendant can be addressed under the existing system allowing for a defendant to seek permission from the Court as necessary to engage in travel beyond the limits contemplated by his sentence and the conditions thereon, with the Court then having available both the details of the employment and an opportunity for the United States and the Probation Office to provide their respective counsel to the Court.

### III. CONCLUSION

Based on the foregoing, the United States respectfully requests that this Honorable Court deny defendant's Motion For Early Termination of Supervised Release in all respects.

Respectfully submitted,

GUY LEWIS
UNITED STATES ATTORNEY

By: /s/ Thomas Watts-FitzGerald
THOMAS A. WATTS-FITZGERALD
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 28th day of May, 2002: Philip R. Horowitz, Suite 1910 - Two Datran Center, 9130 S. Dadeland Blvd., Miami, FL 33156 and Probation Officer Ronald Manganiello, 505 South 2nd Street, Ft. Pierce, FL 34950.

Thomas A. Watts-FitzGerald
Assistant U.S. Attorney
FL Bar # 0273538
99 N.E. 4th Street
Miami, FL 33132
305-961-9413 (ph.)
305-536-4651 (fax)