## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                    CASE NO.: 00-6136-CR-FERGUSON

BERT A. AMMONS,

                    Magistrate Judge Snow

      Defendant.

_____/

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW the Defendant BERT A. AMMONS by and through his undersigned counsel and hereby replies to the government's response to his motion to this Court to enter an order terminating his supervised release and as grounds therefore would state as follows:

In their response, the government suggested that the defendant never sought permission of this court for foreign travel and that the claim of the defendant is "misleading." The defendant is in a "Catch 22" situation. He has made requests for international travel to his probation officer which have been denied on each and every occasion. The last request was made by the defendant on March 25, 2002. The probation office's "policy" is to unilaterally deny such requests despite the reasons behind them. In light of the defendant's desire to return to his prior line of work, processing each and every request though the court would be cumbersome at best.

The defendant's request for early termination is neither a "ploy" nor a ruse. It is an attempt to utilize the least restrictive means for the defendant's return to lawful

-1-

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

and gainful employment. He has attempted to do this through the probation office. If court permission were to be sought on a trip by trip basis, whether the trip was nationally traversing through international waters or to a foreign country, the government seemingly would employ the identical argument.

Prior substance abuse problems addressed by government have been addressed in all respects to the probation officer's satisfaction as evidenced by the defendant's commitment to sobriety by his successful completion of each and every phase of treatment ordered.

Economic pressures are sought to be alleviated through hard work and *not* illegal activity. Economic pressure comes from not being able to work in his lifelong profession for two years. Permission is requested for the defendant to return to his chosen profession. As a reminder, the defendant's sentencing range was in the Zone B category of the guidelines. The court felt that a split sentence was appropriate and the defendant has completed each and every condition. The case involved the importation of freon into the United States without the payment of the appropriate duty.

Once again. the interests of justice have been met by literally placing the defendant in "dry dock" for nearly two years. The economic impact on the defendant and his family has been more severe since he has been unable to work in his chosen field. He has complied with all aspects of this Court's sentence (including the special assessment) would respectfully request that his supervision be terminated to allow him to return to the sea.

-2-

WHEREFORE, the Defendant BERT A. AMMONS respectfully requests that this Court enter an order terminating his supervised release.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via mail this 1st day of June 2002 to: THOMAS WATTS-FITZGERALD, ESQUIRE, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132 and to MR. RONALD MANGANIELLO, United States Probation Officer, 505 South 2nd Street, Suite #320, Ft. Pierce, Florida 34950.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant AMMONS
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 232-1949
Fax. : (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

-3-